UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LAZARO LAURENCIO,
FDOC Inmate #455345,
    Plaintiff,

vs.                                                   Case No.:  3:21cv3923/MCR/ZCB

OFFICER THREEMON, et al.,
    Defendants.
_____/

**REPORT AND RECOMMENDATION**

    Plaintiff Lazaro Laurencio is an inmate of the Florida Department of Corrections.  He is proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.  After reviewing Plaintiff's complaint (Doc. 1), the Court recommends this case be dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) for Plaintiff's abuse of the judicial process.

    The prisoner civil rights complaint form requires a prisoner to list his prior litigation history.  The form must be signed under penalty of perjury.  The Eleventh Circuit has made clear that a prisoner's case may be dismissed without prejudice for misrepresenting litigation history on the complaint form.  *See, e.g.*, *Burrell v. Warden I*, 857 F. App'x 624, 625 (11th Cir. 2021) (affirming dismissal of prisoner's

1

complaint where prisoner failed to identify two prior federal lawsuits).[1] Dismissal is appropriate, even if the prisoner claims that a misunderstanding caused his failure to disclose litigation history. *See Redmon v. Lake Cnty. Sheriff's Office*, 414 F. App'x 221, 226 (11th Cir. 2011) (affirming dismissal for failure to disclose litigation history and concluding that prisoner's failure was not excused by his claimed misunderstanding of the form).

Here, Section VIII of the complaint form required Plaintiff to disclose information regarding prior civil cases he had filed in state and federal court. (Doc. 1 at 8-11). The opening paragraph of Section VIII describes what a "strike" is under 28 U.S.C. § 1915(g):

> ATTENTION: The "three strikes rule" of the PLRA bars a prisoner from bringing a case without full payment of the filing fee at the time

---

[1] A raft of Eleventh Circuit cases say the same thing. *Rickerson v. Sec'y, Fla. Dep't of Corr.*, No. 21-12110-F, 2021 WL 6098415, at *1 (11th Cir. Nov. 2, 2021) (concluding dismissal of prisoner's complaint as malicious was warranted where plaintiff disclosed six state actions and two federal actions but failed to disclose additional state actions that related to his incarceration or conditions of confinement); *Sears v. Haas*, 509 F. App'x 935, 935-36 (11th Cir. 2013) (concluding dismissal of prisoner's complaint as malicious for abuse of judicial process was warranted where prisoner failed to disclose a case he filed against prison officials just five months earlier and failed to disclose another case he filed six years earlier); *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132-33 (11th Cir. 2012) (same); *Shelton v. Rohrs*, 406 F. App'x 340, 340-41 (11th Cir. 2010) (same); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) (same).

of case initiation if the prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."

(Doc. 1 at 8).

Question A of Section VIII asked Plaintiff if he had any case dismissed for a reason listed in 28 U.S.C. § 1915(g) which counts as a "strike"? (*Id.* at 9). Plaintiff checked the box for "YES" and disclosed one case from the federal court for the Middle District of Florida, 2:03cv294-FTM-29-DNF. (*Id.*). Plaintiff did not disclose any other cases in Section VIII. (*Id.* at 8-11). At the end of the complaint form, Plaintiff signed his name after the following certification: "I declare under penalty of perjury that the foregoing . . . is true and correct." (*Id*. at 12-13). Plaintiff, therefore, certified that he had not had any case dismissed for a reason listed in 28 U.S.C. § 1915(g) which counts as a "strike."

The Court has screened Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B) to determine whether it is subject to dismissal for any of the grounds listed in that provision, including maliciousness. Upon researching Plaintiff's litigation history, the Court has discovered that Plaintiff failed to accurately disclose his litigation

3

history on the complaint form. According to the Court's Public Access to Court Electronic Records system (PACER), Plaintiff filed *Laurencio v. Julie Jones, et al.*, No. 1:16cv21823-KMM in the federal court for the Southern District of Florida prior to the date he filed the current lawsuit. (1:16cv21823/KMM (S.D. Fla. May 20, 2016), Doc. 1).[2] On August 24, 2016, the court dismissed that case "pursuant to the screening provisions of 28 U.S.C. § 1915(e)(2)(B)(ii)" on the basis that it "fails to state a claim upon which relief can be granted under Section 1983 . . . ." (1:16cv21823/KMM (S.D. Fla. Aug. 24, 2016), Doc. 12). The undisclosed case, Case No. 1:16cv21823/KMM, clearly counted as a "strike." As such, Plaintiff was required to identify it on the complaint form in the current case.

Plaintiff did not disclose Case No. 1:16cv21823/KMM, despite the fact that he was required to do so in his answer to Question A. Although Plaintiff is proceeding *pro se*, he is still required to follow the rules and to be candid with the Court.

The complaint form expressly warned Plaintiff that "***failure to disclose all prior cases may result in the dismissal of this case.***" (Doc. 1 at 11). Consistent with that warning and the Eleventh Circuit precedent previously cited, it is

---

[2] Plaintiff's FDOC inmate number, 455345, is the same in both cases.

recommended that Plaintiff's complaint be dismissed without prejudice.[3] If misrepresentations on the complaint form are not met with consequences, then there would be no incentive for Plaintiff (or any other prisoner) to truthfully complete the form. Providing Plaintiff an opportunity to amend his complaint to disclose the previous lawsuit would be an inadequate sanction. *See Young v. Sec'y for Dep't of Corr.*, 380 F. App'x 939, 940-41 (11th Cir. 2010) (holding that district court did not abuse its discretion by not providing a prisoner with an opportunity to amend his complaint to disclose lawsuits that should have been disclosed initially).

Accordingly, it is respectfully **RECOMMENDED** that:

1. This case be **DISMISSED without prejudice** as malicious, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

2. The Clerk of Court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida, this 22nd day of February 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

---

[3] A dismissal without prejudice in this case will not equate to a dismissal with prejudice due to the statute of limitations. Plaintiff has more than adequate time to file another civil rights action within the four-year statute of limitations that applies to § 1983 actions in Florida because the alleged conduct occurred in November 2020. (Doc. 1 at 5-6).

5

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.  An objecting party must serve a copy of the objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**